IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. BK15-81898 |
| JOSEPH ALLEN HARTLEY and | ) | A16-8004 |
| RACHEL KAY HARTLEY, | ) | |
| | ) | CHAPTER 11 |
| Debtor(s). | ) | |
| JOSEPH ALLEN HARTLEY; RACHEL KAY | ) | |
| HARTLEY; USA ISLAND SEAFOOD, INC.; | ) | |
| and SAIPAN USA FISHERIES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INDEPENDENCE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on Independence Bank's motion to stay the responsive pleading deadline and further proceedings (Fil. No. 8 in Adv. Proc. No. A16-8004) and Independence Bank's motion for relief from stay (Fil. No. 28 in Case No. BK15-81898). The motions were heard and taken under advisement on March 2, 2016.

In 2014, the plaintiffs filed a lawsuit against their lender, Independence Bank, in the United States District Court for the District of Rhode Island, alleging lender liability, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, negligent omission, unjust enrichment, breach of fiduciary duty, and breach of the duties of good faith and fair dealing. The plaintiffs included a jury demand. The bank filed a counterclaim against the loan guarantors.

In June 2015, the corporate plaintiffs filed Chapter 7 bankruptcy petitions in the Northern Mariana Islands, which stayed the Rhode Island litigation. Those bankruptcy cases were dismissed in September 2015, at which time the Rhode Island court issued a scheduling order after holding a Rule 16 conference.

In November 2015, the individual plaintiffs filed a Chapter 11 bankruptcy petition in Nebraska, which again stayed the Rhode Island litigation, and filed an adversary proceeding in this court alleging the same claims as in the Rhode Island litigation.

The bank wants to proceed with the Rhode Island lawsuit, arguing that the loan document contains a forum selection clause by which the plaintiffs agreed to submit any proceedings arising out of the loan to the jurisdiction of a Rhode Island court and Rhode Island law. The bank also

points out that the parties were in the midst of written discovery when the Nebraska bankruptcy case was filed, so having to start over in Nebraska would cause a duplication of effort. Moreover, the bank asserts that its representatives, witnesses, and documents are located in Rhode Island.

The plaintiffs argue that the bankruptcy filing in Nebraska "changes everything" and that the forum selection clause does not impair the bankruptcy court's authority to decide a "core" bankruptcy issue, such as that involved in this case. The plaintiffs also argue that since they are alleging the loan was induced by fraud, if they are successful the forum selection clause will not exist.[1] Finally, plaintiffs argue that they are entitled to have all pending litigation take place under the umbrella of the bankruptcy court.

Interestingly, plaintiffs fail to mention in their brief that they included a jury demand in the adversary proceeding and in the Rhode Island litigation. With that jury demand, the litigation will *not* take place in the bankruptcy court in any event. Due to that jury demand, if the litigation proceeded here, it would be referred to the United States District Court for the District of Nebraska.

Therefore, the real issue is whether the litigation should proceed in the United States District Court for the District of Rhode Island or the District of Nebraska. Looking at the issue through that lens, the answer appears clear. The proceedings in Rhode Island are past the pleading stage, the issues have been framed and counterclaims filed, and discovery has commenced. The plaintiffs voluntarily filed the case in that district and submitted themselves to the jurisdiction of that court. They agreed in their loan documents to the Rhode Island forum and the theory of the case does not abrogate the existence of the forum selection clause until and unless plaintiffs are successful. The only Nebraska connection to the lawsuit is that it happens to be the residence of the plaintiffs. In fact, the bank has questioned whether jurisdiction could be obtained over necessary parties if the case were to proceed in Nebraska.

---

[1]Forum selection clauses are generally enforceable unless the inclusion of the clause was the product of fraud:

> [F]orum selection clauses are generally *prima facie* valid and enforceable. *M.B. Rests., Inc. v. CKE Rests., Inc.* 183 F.3d 750, 752 (8th Cir. 1999) (noting limited exceptions). But an exception to this general rule applies here: courts will not enforce a forum selection clause if the contract of which it is a part is "tainted by fraud." *Farmland Indus., Inc. v. Frazier–Parrott Commodities, Inc.,* 806 F.2d 848, 851–52 (8th Cir. 1986), *abrogated on other grounds by Lauro Lines S.RL. v. Chasser,* 490 U.S. 495 (1989). Where a party alleges fraudulent acts that, if proven, would be sufficient to vitiate the entire contract, the forum selection clause of that contract is unenforceable. *See id.* at 851.

*Jalin Realty Capital Advisors, LLC v. A Better Wireless, NISP, LLC*, Civil No. 11-0165 JRT/LIB, 2012 WL 838439, at *4 n.2 (D. Minn. Mar. 12, 2012).

This is not a question of "whether" the litigation should proceed at all – the plaintiffs intend to litigate the issues as evidenced by their filing of this adversary proceeding. The only question is "where" it should take place. For the foregoing reasons, I find that it should take place in the forum where it was first commenced by the plaintiffs – the United States District Court in Rhode Island. It will not be unduly burdensome on plaintiffs to proceed there instead of in Nebraska as that litigation has been in place now for some time and plaintiffs are represented by counsel in that district.[2]

THEREFORE, IT IS ORDERED:

1.      The motion for relief from stay filed by Independence Bank (Fil. No. 28 in Case No. BK15-81898) is granted to allow the litigation to proceed to final judgment in the District of Rhode Island; and

2.      The Independence Bank's motion to stay the responsive pleading deadline and further proceedings (Fil. No. 8 in Adv. Proc. No. A16-8004) is granted. The adversary proceeding is stayed pending further order of this court. The parties shall file periodic status reports regarding the status of the Rhode Island litigation every six months, with the first such status report due September 1, 2016.

DATED:  March 4, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
        David Grant Hicks
        David Kennison
        *Ryan Kunhart
        U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[2]Those debtors/plaintiffs should, of course, seek permission from the bankruptcy court to retain those attorneys in that litigation.