IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. BK15-81898-TLS |
| JOSEPH ALLEN HARTLEY and ) | Chapter 7 |
| RACHEL KAY HARTLEY, ) | |
| ) | OBJECTION TO TRUSTEE'S |
| ) | AMENDED MOTION TO AUTHORIZE |
| ) | INTERIM DISTRIBUTION |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COME NOW, Independence Bank (hereinafter "Independence"), by and through its undersigned counsel, and hereby submits its objection to the Trustee's Amended Motion to Authorize Interim Distribution (ECF Doc. 223) ("Trustee's Amended Motion") filed in this case for the following reasons:

1) On or about November 18, 2015, debtors caused to be filed a Petition to the United States Bankruptcy Court for the District of Nebraska (the "Court") seeking protection under Chapter 11 of the United States Bankruptcy Code (the "Code").

2) On December 12, 2016, the Court entered an order (ECF Doc. 130) converting the debtors' case to a bankruptcy governed under Chapter 7 of the Code.

3) Trustee's Amended Motion requests the Court to approve an interim distribution of $1,000,000.00 to the creditors of the bankruptcy estate (the "Interim Distribution"), which would be distributed in accordance with the distribution schedule attached to the Trustee's Amended Motion as Exhibit "A".

4) Trustee's Amended Motion further alleges that $648,185.14 of the Interim Distribution would be reserved by the Trustee as Independence's pro-rata share of the Interim Distribution (the "Reserve") based on Independence's claims filed herein as Claim Nos. 9 and 10.

5) Exhibit "A" of the Trustee's Amended Motion shows only $199,579.48 of the Interim Distribution actually being distributed in the event the Trustee's Amended Motion is granted. After accounting for the Reserve, the Trustee's Amended Motion fails to identify how $152,235.38 of the Interim Distribution will be distributed if the Trustee's Amended Motion is granted.

6) Additionally, the amount of the Reserve does not represent the full value of the Bank's claims, as Claim Nos. 9 and 10 are based on amounts owed to Independence under personal guarantees (the "Guarantees") provided to it by the debtors to secure loans Independence made to entities in which the debtors owned an interest.

7) Following conversion of the debtors' case to a bankruptcy governed under Chapter 7 of the Code, the Trustee claimed the pending litigation captioned as Becker, et al v. Independence Bank, No. 1:14-CV-00534-L-LDA (the "Rhode Island Litigation") as an asset of the bankruptcy estate.

8) For purposes of this Objection, at issue in the Rhode Island Litigation is the enforceability of, and the amounts due under, the Guarantees.

9) As such, the total amount of Independence's claims are subject to the outcome of the Rhode Island Litigation, and therefore the Reserve may not adequately represent Independence's pro-rata portion of the Interim Distribution, as the Guarantees permit Independence to recover fees and costs incurred enforcing the Guarantees.

10) In the event the Rhode Island Litigation is resolved in Independence's favor, Independence will submit amended proof of claims identifying the total amount of the monetary judgment rendered in Independence's favor.

11) Any such judgment is reasonably anticipated to include Independence's attorney fees incurred in connection with the Rhode Island Litigation, as well as accrued but unpaid interest and other costs properly charged against, and recoverable from, the debtors under the Guarantees.

12) Exhibit "A", attached hereto and incorporated herein by this reference, is an unsigned draft of the Affidavit of Robert S. Catanzaro, chief executive officer of Independence, which sets forth the legal fees and related costs incurred by Independence with respect to the Rhode Island Litigation, and the amount of accrued but unpaid interest due to Independence under the Guarantees, as of February 5, 2018. Independence will offer an executed affidavit of Mr. Catanzaro in support of this objection in advance of a hearing on the Trustee's Amended Motion and the objections thereto.

13) The Trustee's Amended Motion also fails to identify whether the Trustee intends to reserve funds necessary to pay the estate's legal fees and costs incurred in connection with the Rhode Island Litigation.

14) As such, it appears that if the Trustee's Amended Motion is granted, the Reserve will be used to pay the estate's costs and expenses relating to the Rhode Island Litigation, thereby further reducing Independence's pro-rata recovery from the bankruptcy estate.

WHEREFORE, Independence prays that the Court sustain its Objection and overrule the Trustee's Amended Motion to Approve an Interim Distribution on the basis that: (A) the Trustee's Amended Motion fails to properly identify how all of the funds constituting the Interim Distribution will be distributed; (B) the Reserve does not represent the full value of Independence's claims against the estate in the event Independence prevails in the Rhode Island Litigation, and therefore fails to properly reserve Independence's pro-rate portion of the Interim Distribution; and (C) the Trustee's Amended Motion fails to identify how the estate will pay the legal fees and related costs incurred in connection with the Rhode Island Litigation and administering the bankruptcy estate in the event the Trustee's Amended Motion is granted.

**INDEPENDENCE BANK,**
a Rhode Island financial institution,

By: /s/ Mark J. LaPuzza
Mark J. LaPuzza, #22677
Pansing, Hogan, Ernst & Bachman LLP
10250 Regency Circle, Suite No. 300
Omaha, NE  68114
(402) 397-5500
mjlbr@pheblaw.com
Attorneys for Independence Bank

**Certificate of Service**

I hereby certify that on the 7th day of February, 2018, I electronically filed the foregoing Objection with the Clerk of Court using the CM/ECF System.

/s/ Mark J. LaPuzza